UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>MICHAEL K. VANLEISHOUT,<br><br>　　　　　　　Defendant. | Case No. 1:13-cr-00195-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Michael K. Vanleishout's Motion for Early Termination of Supervised Release. Dkt. 38. The Government has filed an opposition to the Motion and the matter is ripe for the Court's consideration. Dkt. 39. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] For the reasons set forth below, the Court finds good cause to DENY Vanleishout's Motion.

---

[1] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

MEMORANDUM DECISION AND ORDER - 1

## II. BACKGROUND

Vanleishout pled guilty to Possession of Child Pornography in the District of Nevada. Dkt 1-3. On March 10, 2010, the Court sentenced Vanleishout to 30 months imprisonment to be followed by supervised release for a term of life. Dkt. 1-4. Vanleishout completed his term of incarceration, and on July 13, 2012, began his term of supervised release. On July 29, 2013, Vanleishout's supervision was transferred to the District of Idaho. Dkt. 1. Vanleishout has now served 13 years of his lifetime term of supervised release and requests early termination under 18 U.S.C. § 3583(e)(1). Dkt. 38.[2]

## III. LEGAL STANDARD

Under 18 U.S.C. § 3583(e)(1), supervised release may be terminated any time after one year, pursuant to the applicable rules of criminal procedure, where a court determines such action is warranted by the conduct of the defendant released and the interest of justice. District courts retain broad discretion in determining whether to grant a motion to terminate supervised release. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

In making this determination, the court considers certain factors set forth in 18 U.S.C § 3553(a) including: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the

---

[2] On May 24, 2023, Vanleishout was arrested and charged with the misdemeanor offense of Domestic Battery after ongoing marital strife with his spouse. On May 25, 2023, a Petition on Supervised Release was filed with the Court alleging this new law violation and other violations of supervised release incurred during Vanleishout's term of supervision. Dkt. 27. Vanleishout's charge for Domestic Battery was dismissed by the Twin Falls County Magistrate Court upon a motion from the Prosecutor. Dkt. 34, at 1. The Petition on Supervised Release was then dismissed and the remaining alleged violations in the petition will be addressed through continued supervision. *Id*. at 2.

defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3583(e) (citing § 3553(a)(1–7)); *United States v. Weber*, 451 F.3d 552, 557–58 (9th Cir. 2006).

## IV. DISCUSSION

Vanleishout represents that he has complied with the conditions of his release, maintains employment, has fully paid restitution, has clearly demonstrated that he is rehabilitated, and that supervision is no longer necessary. Dkt. 38, at 3.

The Government opposes the Motion. Dkt. 39. In its opposition to Vanleishout's motion, the Government argues that the nature and circumstances of the underlying offense are serious, that early termination of supervised release does not promote deterrence to both Vanleishout and the general public, and that there continues to be a need to protect the public especially considering Vanleishout's conduct while on probation and supervised release. *Id.* at 3–7.

Specifically, the Government outlines that Vanleishout has demonstrated a persistent pattern of noncompliance with the conditions of his supervision, reflecting both an inability and unwillingness to conform his behavior to the law. *See generally* Dkt. 39, 2–7. Despite undergoing multiple rounds of sex offender treatment, Vanleishout continues

to violate supervision through deceptive, compulsive, and high-risk behavior. *Id*. Vanleishout's psychosexual evaluation places him at a high risk to reoffend, and his supervising officer has observed ongoing struggles with pornography and unauthorized internet use—both of which are directly tied to the nature of his offense. *Id*. The combination of Vanleishout's history of egregious conduct, continued violations, and manipulative efforts to circumvent monitoring make clear that he remains a danger to the community and is not a suitable candidate for early termination. *Id*. His characteristics, taken as a whole, underscore the necessity of continued supervision under 18 U.S.C. § 3553(a). *Id*.

      Having reviewed the relevant factors discussed in § 3583(e)(1), and § 3553(a)(1–7); Vanleishout's filings; the Government's response; and the record herein, the Court denies the Motion. The nature and circumstances of the offense and the history and characteristics of Vanleishout do not warrant early termination at this time. The Court congratulates Vanleishout on the success he is having in many areas of his life. However, given the record in this case; the nature of the charges; the basis for the original sentencing; and Vanleishout's history and characteristics while on supervised release, the Court finds neither the circumstances of this case nor the interests of justice warrant early termination under § 3583(e). Vanleishout is encouraged to continue making good decisions, actively participating in his rehabilitation, and complying with the terms and conditions of his release.

## V. ORDER

NOW THEREFORE IT IS HEREBY ORDERED that:

1. Vanleishout's Motion for Early Termination of Supervised Release (Dkt. 38) is **DENIED**.

DATED: July 24, 2025

_____
David C. Nye
Chief U.S. District Court Judge